UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTOINE NELSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01891-JPH-DLP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255 and
Denying Certificate of Appealability**

For the reasons discussed in this Order, Antoine Nelson's motion for relief pursuant to 28 U.S.C. § 2255 is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual and Procedural Background

In January 2018, Indianapolis Metropolitan Police Department officers were dispatched in response to a 911 call reporting a disturbance involving children at a residence at 245 S. Rural Street in Indianapolis. *United States v. Nelson*, 1:18-cr-00023-JPH-TAB ("Crim. Dkt."), dkt. 90 at 4. A neighbor directed the responding officers to the home. *Id.* Officers saw Mr. Nelson holding a firearm when they approached the home. *Id.* Mr. Nelson complied with police orders to exit the home, and officers recovered a 9 mm handgun from inside. *Id.*

Mr. Nelson was initially charged via criminal complaint and released pending trial. Crim. Dkts. 2, 9-10. In February 2018, he was indicted on one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Crim. Dkt. 11, and the Court allowed Mr. Nelson to remain on pretrial release after his initial appearance, Crim. Dkt. 23. The Court conducted a revocation hearing in June 2018, after being notified that Mr. Nelson violated the conditions of his release on several occasions. Crim. Dkt. 41. The Court revoked Mr. Nelson's conditions of pretrial release and ordered him detained pending trial. *Id.*

On the same day as the revocation hearing, Mr. Nelson's counsel filed a motion to suppress, asking the Court to suppress all evidence obtained from the search of Mr. Nelson's home including the firearm and his statements. Crim. Dkt. 39. The Court conducted a suppression hearing, Crim. Dkt. 61, and the magistrate judge issued a report and recommendation advising denial of Mr. Nelson's motion to suppress, Crim. Dkt. 71. The district judge overruled Mr. Nelson's objection, adopted the report and recommendation, and denied Mr. Nelson's motion to suppress. Crim. Dkt. 82.

While awaiting resolution of his motion to suppress, Mr. Nelson filed a motion for reconsideration of detention. Crim. Dkt. 62. He asked, "to be released in order to be reunited with

his children."[1] *Id.* at 2. Once the motion was fully briefed, the Court conducted a hearing and denied Mr. Nelson's motion for reconsideration. Crim. Dkt. 79. Acting *pro se*, Mr. Nelson filed a "notice of appeal and objections to magistrate's decision of detention and conclusions," again asking to be released. Crim. Dkt. 81. No action was taken with respect to Mr. Nelson's *pro se* filing because he executed a petition to enter plea of guilty and plea agreement shortly thereafter. Crim. Dkt. 84.

In his plea agreement, Mr. Nelson agreed to plead guilty to the charge of unlawful possession of a firearm. Crim. Dkt. 84 at 1. His plea included a waiver of his right to appeal all issues except the denial of his motion to suppress. *Id.* at 9-10. He also waived his right to contest his conviction or sentence in an action brought under 28 U.S.C. § 2255 unless he asserted claims ineffective assistance of counsel. *Id.* at 10. Mr. Nelson agreed that he understood the charge against him and the terms of his plea agreement. *Id.* at 11-12. He also acknowledged that he was "freely and voluntarily pleading guilty" and that he was guilty. *Id.* at 13.

The Court conducted a change of plea hearing on March 8, 2019. Crim. Dkt. 87 (minute entry); Crim. Dkt. 114 (transcript). Mr. Nelson indicated that he read and understood the indictment and plea agreement and that his counsel had explained both the indictment and plea agreement. Crim. Dkt. 114 at 5-7, 12. He stated that he was not forced into pleading guilty and that he was pleading guilty of his own free will. *Id.* at 9. He also affirmed the factual basis proffered by the United States and admitted that he "owned the gun" in his house. *Id.* at 15-17. The Court reviewed the appeal waiver and § 2255 action waiver with Mr. Nelson, and he affirmed that he

---

[1] Mr. Nelson submitted several *pro se* letters to the Court discussing his desire to be with his children and explaining the circumstances surrounding his violations of the conditions of his release. *See* Crim. Dkt. 47, 49, 51, 52, 53, 55, 77, 83.

understood and agreed to those provisions. *Id.* at 24-28. The Court concluded that Mr. Nelson knowingly and voluntarily pleaded guilty and accepted his plea. *Id.* at 29.

A few months later, the Court held a sentencing hearing and sentenced Mr. Nelson to 15 months' imprisonment and three years' supervised release. Crim. Dkt. 96 (minute entry); Crim. Dkt. 97 (judgment). Mr. Nelson filed a notice of appeal, Crim. Dkt. 99, but he dismissed his appeal in June 2020, *United States v. Nelson*, No. 19-2161, dkt. 37 (7th Cir.). Mr. Nelson filed this motion for relief pursuant to 28 U.S.C. § 2255 shortly after dismissing his appeal. Crim. Dkt. 147; dkt. 1.

### III. Discussion

In his § 2255 motion, Mr. Nelson challenges his conviction and sentence based on claims of ineffective assistance of counsel and various constitutional violations alleged to have occurred during his arrest and prosecution. Dkt. 1.

**A. Ineffective Assistance of Counsel**

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel performed deficiently and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Delatorre v. United States*, 847 F.3d 837, 844 (7th Cir. 2017). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The first inquiry is whether counsel's performance was constitutionally deficient. *Delatorre*, 847 F.3d at 845. This means a petitioner must show that trial counsel's performance "fell below an objective standard of reasonableness" measured by prevailing professional norms. *Strickland*, 466 U.S. at 688. The "central question" is "whether an attorney's representation amounted to incompetence under prevailing professional norms." *Delatorre*, 847 F.3d 845 (internal quotation marks and citations omitted).

Second, a petitioner must show that he was prejudiced by the deficiency of counsel. *Delatorre*, 847 F.3d at 845. This means showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Nelson contends that his counsel provided ineffective assistance in the following ways: (1) failing to "bring up [Mr. Nelson's] witnesses or put [Mr. Nelson] on the stand;" (2) failing to inquire about the description of the front door; (3) advising Mr. Nelson that signing the plea agreement was "the best option" for him and telling Mr. Nelson lies so he would sign the plea agreement; (4) refusing to file a motion to change Mr. Nelson's pretrial detention status and then writing "not good stuff" about Mr. Nelson when he did file such a motion; and (5) advising Mr. Nelson that he would have an opportunity to appeal the denial of his motion to suppress. Dkt. 1 at 4, 7.

### 1. Failing to Call Witnesses and Mr. Nelson to Testify

Mr. Nelson first alleges that counsel should have elicited testimony from unidentified witnesses and Mr. Nelson in support of the motion to suppress. Dkt. 1 at 4. "When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced." *United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011). A "generalized claim that additional testimony would have made a difference is insufficient to satisfy his burden." *Id.* Mr. Nelson does not explain what he or the other witnesses would have testified to, nor does he explain how this additional testimony would have made a difference. Because Mr. Nelson has not provided specific information about what he or the other witnesses would have said, he cannot satisfy his

5

burden of showing that he was prejudiced by counsel's performance. He is therefore not entitled to relief on this basis.

### 2. Failing to Discuss Description of Front Door

Mr. Nelson's next alleges that counsel should have inquired about the different descriptions of the front door because one exhibit "had a green door" and "the color of the door is [in] question" on the other exhibit. Dkt. 1 at 4. He provides no further explanation of this claim.

Mr. Nelson has not satisfied his burden of showing either deficient performance or prejudice with respect to this claim of ineffective assistance of counsel. He does not explain the relevancy of the two potentially contradictory exhibits, nor does he expand upon why it was objectively unreasonable for counsel to fail to ask about the different descriptions. In fact, Mr. Nelson does not even identify the exhibits he references.

Regarding prejudice, Mr. Nelson has not provided any argument to suggest a reasonable probability that the outcome of the suppression hearing would have been different had counsel highlighted the different descriptions of the front door. The Court denied Mr. Nelson's motion to suppress after concluding that three exceptions to the warrant requirement applied. Crim. Dkt. 823 at 4-12. To support the applicability of these exceptions, the Court relied on testimony that officers observed a firearm while looking through a window and an open door. *Id.* Thus, Mr. Nelson has not shown a reasonable probability that the outcome of the suppression hearing would have been different had counsel inquired about the different descriptions of the front door. Mr. Nelson is not entitled to habeas relief on this claim of ineffective assistance of counsel.

### 3. Advising Mr. Nelson to Sign Plea Agreement and Telling Lies to Encourage Him to Sign Plea Agreement

Mr. Nelson alleges that counsel erred by advising him to sign the plea agreement and by lying to him to encourage him to sign the plea agreement. Dkt. 1 at 4, 7. Although Mr. Nelson

6

contends that counsel was wrong to advise him to plead guilty and that counsel lied to him to encourage him to plead guilty, Mr. Nelson has not established that he was prejudiced by these alleged errors because he pleaded guilty of his own free will.

The Court conducted an extensive plea colloquy with Mr. Nelson to ensure his plea was knowing and voluntary. Crim. Dkt. 114. During this hearing, Mr. Nelson indicated that he read and understood the indictment and plea agreement and that counsel had explained both documents. *Id.* at 5-7, 12. He stated that he was not forced into pleading guilty and that he was pleading guilty of his own free will. *Id.* at 9. He also affirmed the factual basis proffered by the United States and admitted that he "owned the gun" in his house. *Id.* at 15-17. The Court reviewed the plea agreement, including the appeal waiver and § 2255 waiver, and Mr. Nelson raised no questions concerning the plea agreement. *Id.* at 24-28. He did not express hesitation or display a lack of understanding at any time during the plea colloquy. Mr. Nelson has presented no reason to disbelieve his testimony at the change of plea hearing, and thus the Court concludes that Mr. Nelson has not established a reasonable probability that the outcome of the proceeding would have been different. *See Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008) (recognizing that a defendant "cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity").

### 4. Refusing to File a Motion Regarding Pretrial Detention and Including Harmful Information when Motion Filed

Mr. Nelson also faults counsel for refusing to file a motion concerning Mr. Nelson's pretrial detention and for writing "not good stuff" about Mr. Nelson when counsel did file such a motion. Dkt. 1 at 4. He does not state when he first asked counsel to file a motion concerning his pretrial detention. *Id.*

Mr. Nelson has not established that counsel performed deficiently with respect to the motion concerning Mr. Nelson's pretrial detention. Although the Court initially released Mr. Nelson pending trial, Crim. Dkt. 9, it rescinded that order after Mr. Nelson failed to comply with the conditions of his release, Crim. Dkt. 41. Counsel sought reconsideration of the Court's order of detention less than four months later, and this motion contains factual statements about Mr. Nelson's pretrial release, including his use of marijuana, and the rationale underlying the Court's revocation of Mr. Nelson's pretrial release. Crim. Dkt. 62.

It was not objectively unreasonable for counsel to include the procedural information about Mr. Nelson's use of marijuana because the background information supported Mr. Nelson's request for reconsideration. Although Mr. Nelson construes the factual statements as "not good," dkt. 1 at 4, this information clarifies how Mr. Nelson violated the conditions of his pretrial release. It explains that his violations were related to marijuana use and thus supports his primary argument that reconsideration was warranted because Mr. Nelson's period of incarceration helped him overcome his "issues with marijuana." *Id.* Counsel's decision to focus on Mr. Nelson's marijuana use was not objectively unreasonable because this was the lesser of Mr. Nelson's violations. *See* Crim. Dkt. 29 (setting forth multiple violations and providing detailed facts relating to each). Counsel's strategic decisions concerning Mr. Nelson's pretrial release were not objectively unreasonable. Thus, habeas relief is not warranted on this basis.

### 5. Advising About Opportunity to Appeal Denial of Motion to Suppress

Mr. Nelson's final allegation of ineffective assistance of counsel is that counsel incorrectly advised Mr. Nelson that he could appeal the denial of his motion to suppress. Dkt. 1 at 7. This claim is without merit because, as the Court explained during Mr. Nelson's plea colloquy, Mr. Nelson did reserve the right to appeal the denial of his motion to suppress. Crim. Dkt. 114 at 25

(change of plea hearing transcript); Crim. Dkt. 84 at 9-10 (plea agreement). In fact, Mr. Nelson filed an appeal, Crim. Dkt. 99, but he dismissed it, *United States v. Nelson*, No. 19-2161, dkt. 37 (7th Cir.). Mr. Nelson has not established that counsel incorrectly advised him concerning his ability to appeal the denial of the motion to suppress, and thus Mr. Nelson has not established that counsel performed in a constitutionally deficient manner.

### B. Remaining Claims

In addition to his claims of ineffective assistance of counsel, Mr. Nelson claims that the police officers who responded to the 911 call violated the Fourth Amendment when they patted him down, arrested him, entered his home without a warrant, and failed to advise him of his *Miranda* rights. Dkt. 1 at 5. Mr. Nelson also alleges that the police officers "falsified documents under oath." *Id.* Finally, he states that he was denied a "fair hearing" on his motion to suppress. *Id.* at 7. Mr. Nelson cannot assert these claims in a § 2255 motion, however, because he waived his right to challenge his conviction or sentence on any ground other than ineffective assistance of counsel. *See* Crim. Dkt. 84 at 10.

"It is well-settled that waivers of direct or collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). The limited exceptions to this general rule include: (1) the plea was involuntary; (2) the district court relied on a constitutionally impermissible factor; (3) the sentence exceeded the statutory maximum; or (4) the defendant claims ineffective assistance of counsel related to negotiation of the plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).

Mr. Nelson has not argued that any of these exceptions apply to bar enforcement of the waiver of his right to bring claims other than ineffective assistance of counsel claims in a § 2255 motion. In fact, the United States argued that the waiver is enforceable when responding to Mr.

Nelson's § 2255 motion, *see* dkt. 6 at 22-23, and Mr. Nelson did not file a reply. The record demonstrates that Mr. Nelson knowingly and voluntarily signed the plea agreement, Crim. Dkt. 114 at 29, and fully understood the waiver related to what claims he could pursue in a § 2255 motion, *id.* at 25-27. Thus, his waiver applies, and the claims other than ineffective assistance of counsel are barred by Mr. Nelson's plea agreement.

## IV. Conclusion

Mr. Nelson has not established that he received ineffective assistance of counsel during his criminal proceedings, and a waiver provision in his plea agreement bars his other claims. Thus, he is not entitled to relief on his § 2255 motion. His motion for relief pursuant to § 2255 is **denied**, and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the Clerk **shall docket a copy of this Order in No. 1:18-cr-00023-JPH-TAB-1**. The motion to vacate, Crim. Dkt. [147], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Nelson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 12/15/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTOINE NELSON
7817 Danube St.
Indianapolis, IN 46239

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov